IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. C 10-05510 SI |
| Plaintiff, | **ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| JAMES A. DAILEY, JR. | |
| Defendant. | |

Plaintiff J & J Sports Productions, Inc. has moved for default judgment. The motion is currently set for hearing on August 5, 2011 at 9:00 a.m. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES the motion and DISMISSES the case without prejudice.

**BACKGROUND**

Plaintiff, the exclusive licensor of rights to exhibit certain closed circuit and pay-per-view sports programming, brought suit against defendant James A. Dailey, Jr., individually and d/b/a The Dapper Sports Bar a/k/a Golden Bear Sports Bar, for showing a boxing match in his establishment without a license. Plaintiff's complaint alleges that defendant is liable under the Copyright Act, 17 U.S.C. § 501, for violating plaintiff's exclusive rights and engaging in an unauthorized secondary transmission of primary transmission programming to a controlled group. *See* 17 U.S.C. § 111(b) ("[T]he secondary transmission to the public of a performance or display of work embodied in a primary transmission is

actionable as an act of infringement under section 501, and is fully subject to the remedies provided by sections 502 through 506, if the primary transmission is not made for reception by the public at large but is controlled and limited to reception by particular members of the public."). Plaintiff also brings a conversion tort claim under California law.

Plaintiff's hired private investigator was present on the evening of the fight, December 6, 2008, in defendant's bar and saw the *Oscar De La Hoya v. Manny Pacquiao Welterweight Championship Fight* ("the *Program*") being broadcast. *See* Affidavit of Gary Gravelyn. Plaintiff filed a complaint against defendant, who never responded. The Clerk entered default against defendant on March 30, 2011.

In the pending motion, plaintiff requests the maximum statutory amount of $150,000 for the copyright infringement claim and $2,200 for the conversion claim. Plaintiff's motion does not seek attorney's fees or costs.

## DISCUSSION

### I. Copyright Act Claim

Plaintiff fails to plead all elements necessary for an infringement suit under the Copyright Act. A federal copyright claim must include a showing of preregistration or registration of the copyright. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). The Ninth Circuit effectively treats the § 411 registration requirement as an element of a copyright infringement claim. *Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F.3d 612, 618 (9th Cir. 2010). Other district courts have ruled that a plaintiff must affirmatively plead registration in order to adequately state a claim for copyright infringement. *See, e.g., Robbins v. Island Def Jam Music Group*, No. CV410-208, 2011 WL 2412744, *2 (S.D.Ga. June 9, 2011) (stating that plaintiff's failure to even allege registration in his pleadings is fatal to his suit); *Conrad v. Bendewald*, No. 11-CV-305-BBC, 2011 WL 1807419, *2 (W.D. Wis. May 22, 2011) (dismissing plaintiff's complaint because it did not state whether plaintiff had registered her copyright); *Richard Goettle, Inc. v. Burgess & Niple, Inc.*,

2

No. 1:10-CV-187, 2010 WL 5156121, *4 (S.D. Ohio Dec. 14, 2010) (accepting as sufficient plaintiff's pleading ownership and defendant's copying of the work, attaching copy of copyright Certification of Registration, and providing documents with examples illustrating similarities between the works); *Basevi, Inc. v. Acorn Company*, No. CV 08-7145 AHM (JTLx), 2009 WL 764532, *4 (C.D. Cal. Mar. 19, 2009) (denying motion to dismiss for failure to state claim because plaintiff specifically identified copyrighted artworks, attached exhibits showing copyright registration numbers, alleged defendant's use of copyrighted work, and attached images of defendant's infringing works).

While plaintiff properly alleges its ownership rights, nowhere in its complaint does plaintiff mention registration of the program it owned. *See* Complaint at ¶¶ 9-13. Nor does plaintiff's situation fit any of the limited exceptions to § 411's requirements, such as a claim for authorship or inaccuracy of registration information. 17 U.S.C. § 411(a) and (b). Without an allegation of preregistration or registration of the *Program*, the complaint fails to state a claim for copyright infringement. Accordingly, the Court cannot enter default judgment and will DISMISS the facially insufficient Copyright Act claim. *See Cosmetic Ideas, Inc.*, 606 F.3d at 621-23.

## II.   Conversion Claim

A district court may decline to exercise supplemental jurisdiction over state law claims in a variety of situations, including when "the claim raises a novel or complex issue of State law" or "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. Both scenarios apply here. Plaintiff cannot maintain its federal copyright infringement claim. Furthermore, plaintiff's conversion claim raises what one judge in the Eastern District of California has called "the thought-provoking question of whether an interest in intangible property such as an exclusive license to distribute a broadcast signal is the proper subject of a claim of conversion under California law." *See J & J Sports Productions, Inc. v. Hernandez*, No. 09-CV-3389 GEB KJN, 2010 WL 1980186, *6 n.12 (E.D. Cal. May 17, 2010). California state and federal courts have reached varying conclusions. *Compare, e.g., Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 119 (Ct. App. 2007) (noting California courts' traditional refusal to recognize as conversion the unauthorized taking of intangible interests not merged with or reflected in something tangible), *with DIRECTV, Inc. v. Pahnke*,

405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005) (observing that courts have relaxed tangibility requirement, and granting summary judgment for conversion of satellite broadcast programming) *and Don King Prods./Kingvision v. Lovato*, 911 F. Supp. 419, 423 (N.D. Cal. 1995) (finding that plaintiff's exclusive rights to distribute program in California qualified as right to possession of property under conversion claim).

Upon due consideration, the Court believes that plaintiff's conversion claim is a complicated issue of state law on which the Court should defer to the California state courts. Accordingly, the Court hereby declines to exercise its jurisdiction over the conversion claim.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for default judgment. (Docket No. 22). The hearing scheduled for August 5, 2011 at 9:00 a.m. is hereby VACATED. The case is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: August 4, 2011

SUSAN ILLSTON
United States District Judge